IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**PALMER EDWARD COBURN,**

    Petitioner,

v.                                                            Case No. 5:24cv035-MCR/MAF

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

In an order entered March 11, 2024, the Court directed Petitioner Palmer Edward Coburn to submit an amended petition for writ of habeas corpus by April 10, 2024, using the forms provided with the order. ECF No. 6. The Court specifically warned Petitioner that a recommendation would be made that this case be dismissed if Petitioner failed to comply with the order. *Id*. at 6. To date, Petitioner has not complied with the Court's order.

A review of the Court's docket reveals the Court's March 11 order was returned as undeliverable. ECF No. 7. The order had been mailed to the Bay County Jail address provided by Petitioner Coburn. *See* ECF No. 1; *see also* ECF Nos. 3, 5. A previous Court order, entered February 7, 2024, specifically instructed Petitioner Coburn that he should "immediately file a notice with the Court in the event of an address change, transfer, or release

from custody," and "[f]ailure to do so will result in a recommendation of dismissal of the case."  ECF No. 3 at 4.  After this February 7 order, Petitioner paid the filing fee, ECF No. 4, and filed a motion to redesignate the case to a § 2241 habeas petition, ECF No. 5.

When the March 11 order was returned as undeliverable, in an abundance of caution, the Court mailed it to the Graceville Correctional Facility as a search of the Department of Corrections' website revealed Petitioner Coburn is being held there.  As indicated above, however, Petitioner Coburn has not responded to that order or filed a notice of change of address.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  Link v. Wabash R.R., 370 U.S. 626 (1962).  Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order.  Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989).  Because Petitioner did not comply with an order, this petition should be dismissed without prejudice.

Petitioner shall have a 14-day period after service of this Report and Recommendation in which to file objections.  This will also afford Petitioner a final opportunity to show good cause for the failure to respond to the

Court's order.  Petitioner may do so by filing a motion for reconsideration which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice.**  The Clerk of Court is directed to mail this Report and Recommendation to Petitioner Coburn at the Graceville Correctional Facility.

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2024.

S/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 5:24cv035-MCR/MAF